IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BURKETT,<br>Administratrix of the Estate of<br>JEREMY BURKETT, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY EUGENE MCCRAY and<br>S.E.LUMBER COMPANY,<br><br>        Defendants, | CIVIL ACTION NO.:<br>1: 06-CV-775-DRB |

# **ANSWER**

**COME NOW**, the defendants described as TIMOTHY EUGENE MCCRAY and SOUTHEAST LUMBER COMPANY, INC., incorrectly described as S.E.LUMBER COMPANY, in the above-styled cause, and in answer to the complaint of the Plaintiff, and to each count and paragraph thereof, set forth and assign the following separate and several defenses:

1. The averments and allegations of paragraph 1 of the plaintiff's complaint are legal and conclusory in nature, and therefore, do not require a response by this defendant. To the extent that a response may be required, however, this defendant denies said averments and allegations and demands strict proof thereof.

2. These defendants deny said averments and allegations and demands strict proof thereof.

3. These defendants admit that Timothy Eugene McCray was an employee of Southeastern Lumber Company, Inc., incorrectly described in the complaint as S. E. Lumber Company, at the time of the accident.

4. These defendants admit the allegations set forth in paragraph four of the complaint.

5. These defendants admit the allegations set forth in paragraph five of the complaint, with the exception that Southeastern Lumber, Company, Inc., is incorrectly described in the complaint as S. E. Lumber Company .

### DEFENSE NO. 1

These Defendants say that the plaintiff's complaint fails to state a claim upon which relief can e granted as to these Defendants.

### DEFENSE NO. 2

These Defendants deny each and every material allegation of the plaintiff's complaint and thereby plead the general issue.

### DEFENSE NO. 3

These Defendants plead "not guilty".

## DEFENSE NO. 4

These Defendants say that on the occasion(s) complained of the deceased plaintiff was guilty of negligent or other wrongful conduct which proximately caused and/or contributed to the injuries and damages complained of.

## DEFENSE NO. 5

These Defendants deny that the plaintiff was killed sue to wrongful conduct on the part of these defendants.

## DEFENSE NO. 6

These Defendants say that an award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to these Defendants under the Constitution of the State of Alabama.

## DEFENSE NO. 7

These Defendants say that an award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to these Defendants under the Constitution of the United State of America.

## DEFENSE NO. 8

These Defendants say that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to these Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United State of America in that punitive damages are vague and are not rationally related to legitimate government interests.

## DEFENSE NO. 9

These Defendants say that any award of punitive damages to the plaintiff in this cause would be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person should be deprived of life, liberty, or property except by due process of law, in that

punitive damages are vague and are not rationally related to legitimate government interests.

### DEFENSE NO. 10

These Defendants say that any award of punitive damages to the plaintiff in this case would be violative of the procedural safeguards provided to these Defendants under the Sixth Amendment tot he Constitution of the United States of American in that punitive damages are penal in nature and, consequently, these Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

### DEFENSE NO. 11

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Defendanta punitive damages, which are penal in nature, yet compel these Defendants to disclose potentially incriminating documents and evidence.

### DEFENSE NO. 12

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama, to impose against these Defendants punitive damages, which are penal in nature, yet compel these Defendants to disclose potentially incriminating documents and evidence.

### DEFENSE NO. 13

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against these Defendants, which are penal in nature, by requiring a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### DEFENSE NO. 14

These Defendants say that any award of punitive damages to the plaintiff

in this case would be violative of the Eighth Amendment to the Constitution of the United States of America in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### DEFENSE NO. 15

These Defendants say that any award of punitive damages to the plaintiff in this case would be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that it would provide damages to the plaintiff in excess of the amount determined to be appropriated under the formula adopted by the Alabama Legislature in 1981 in §27-1-17, Code of Alabama (1975), as amended.

### DEFENSE NO. 16

These Defendants say that the punitive damage cap set forth in Section 6-11-21, Code of Alabama (1975) as amended, applies to the claims of the plaintiffs in this case and this Defendant pleads the provisions of said Statute as a defense on their behalf.

### DEFENSE NO. 17

These Defendants say that any award of punitive damages to the plaintiff is limited by the holding of the United States Supreme Court in State farm Automobile Insurance Company v. Campbell, 2003 WL 1791206 (United States Supreme Court, April 7, 2003).

### DEFENSE NO. 18

These Defendants plead the punitive damages protections afforded to them pursuant to the following: Ala. Code Section 7-2-715; Ala. Code Section 6-11-20; Ala. Code Section 6-11-21; Ala. Code Section 6-11-27; Lloyd Wood Coal Co. vs. Clark Equipment Co., 543 So. 2d 671 (Ala. 1989), Ford Motor Co. V. Rice, 726 So. 2d 626 (Ala. 1998); Ex Parte Grand Manor, 2000 WL 337528 (Ala. 3/31/2000); White Consolidated Industries, Inc. V. Wilkerson, 737 So. 2d 447 (Ala. 1999), and Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).

<u>DEFENSE NO. 19</u>

These Defendants say that the Plaintiff is guilty of contributory negligence which proximately caused or contributed to his alleged injuries and damages.

**THESE DEFENDANTS DEMAND A TRIAL BY STRUCK JURY AS TO ALL ISSUES IN THIS CAUSE.**

                                         <u>s:/ William A. Mudd</u>
                                         William A. Mudd (ASB-4274-U79W)

                                         Attorney for Defendants, Timothy Eugene McCray and Southeast Lumber Company, Inc.

<u>OF COUNSEL</u>:

Miller, Hamilton, Snider & Odom, L.L.C.
505 North 20th Street
Financial Center—Suite 1200
Birmingham, AL 35203
Phone: 205-226-5200
Fax: 205-225-5226
billmudd@mhsolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff:**

Mr. Tommy R. Scarborough
P. O. Box 994
Geneva, Alabama 36340
(334) 684-8729

Mr. David L. Harrison
P. O. Box 994
Geneva, Alabama 36340
(334) 684-8729

                                                                                  s:/ William A. Mudd
                                                                                   OF COUNSEL