IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 SEP 13 A 10: 12

| | | |
|---|---|---|
| PATRICIA BURKETT, Administratrix | * | |
| of the ESTATE OF JEREMY | * | |
| BURKETT, deceased, | * | |
| Plaintiff, | * | |
| vs. | * | 1:06-CV-775-DRB |
| | * | |
| TIMOTHY EUGENE MCCRAY and | * | |
| S.E. LUMBER COMPANY, | * | |
| | * | |
| Defendants. | * | |

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT McCRAY

COMES NOW, TIMOTHY EUGENE McCRAY, Defendant herein, by and through his undersigned counsel and files his response to the Complaint for Wrongful Death and shows:

### DEFENSES

1. The Complaint for Wrongful Death fails to state a claim for which relief can be granted.

2. The defendant Timothy Eugene McCray is not liable to the Plaintiff in any amount because any resulting death, injuries or damage suffered in the collision were directly and proximately caused by the negligence of Plaintiff's decedent.

3. The defendant Timothy Eugene McCray is not liable to the Plaintiff in any amount because the Plaintiff's decedent in the operation of his motor vehicle, failed to maintain control of his vehicle and such failure is the proximate cause of the Plaintiff's decedent's death.

### ANSWER TO SPECIFIC ALLEGATIONS

4. Defendant is without sufficient information to form a belief as to the veracity of that part of Paragraph One of the Complaint which asserts that the Plaintiff is the mother of the

decedent. Defendant Timothy McCray denies the characterization of the decedent's death as wrongful, but admits that the collision which resulted in said demise did occur at the location described in Paragraph One.

5. Defendant McCray denies the allegations contained in the Paragraph Two of the Complaint.

6. Defendant McCray admits the allegations contained in Paragraph Three of the Complaint.

7. Defendant McCray admits the allegations contained in Paragraph Four of the Complaint.

8. Defendant McCray admits the allegations contained in Paragraph Five of the Complaint.

9. Defendant McCray specifically denies all allegations not herein admitted.

## COUNTERCLAIM

10. Defendant, Counterclaim Plaintiff, Timothy Eugene McCray [hereinafter "McCray"] incorporated herein all of the assertions in the preceding paragraphs into this Complaint as if they were set out in their entirety.

## JURISDICTION

11. The matter in controversy exceeds, exclusion of costs, ONE HUNDRED THOUSAND DOLLARS($100,000).

12. McCray is a resident of Damascus, Early County, Georgia.

13. Counterclaim Defendant, Patricia Burkett, upon information and belief is a resident of Geneva County, Alabama.

14. There is diversity of jurisdiction between the parties and this case was removed from

state court.

15. The accident which is the basis of this counterclaim and third party complaint occurred in Houston County, Alabama.

## COUNT ONE
### Negligence/Wantonness

16. On or about October 14, 2005, McCray was safely and legally operating a 1995 Ford Pick-Up Truck, in an easterly direction on Highway 52, near the intersection of County Road 33, in Houston County, Alabama.

17. On the same date and time, decedent Jeremy Joshua Burkett negligently or wantonly operated a 1993 Dodge Stealth in a westerly direction on Highway 52, near its intersection with County Road 33, in Houston County, Alabama.

18. Then and there, without any act on McCray's part, the decedent, Jeremy Joshua Burkett, pulled into the eastbound lane of travel on Highway 52 and struck the vehicle being operated by McCray, causing a head on collision

19. The decedent, Jeremy Burkett, failed to maintain lane; failed to maintain a proper lookout; and failed to exercise due care for the safety of others and by these failures caused the collision which resulted in injury to McCray.

20. Following the collision, McCray was taken by ambulance to the Southeast Alabama Medical Center where he was treated for severe bilateral lower extremities fractures. He has undergone extensive surgical treatment for his injuries and it is anticipated that he will incur future medical expenses.

21. McCray has incurred extensive medical bills as a result of the hospitalization, treatment, surgeries and physical therapies necessitated by treatment for the injuries sustained in

the collision caused by the decedent.

22. McCray has suffered lost wages due to the injuries he sustained in the collision. McCray was confined for a period of time to a wheel chair. He could not walk and thus could not work. Mr. McCray has not been able to work since the accident and his ability to return to reasonably gainful employment is doubtful.

23. As a result of the collision caused by Defendant's decedent, McCray has endured physical pain and suffering in the past and in the present. It is anticipated that McCray will endure pain and suffering in the future.

24. As a result of the collision caused by the Defendant's decedent, McCray has endured mental pain and anguish including nightmares and episodes of intense sweating. He has experienced interruption of his way of life as a result of the injuries he received in the crash.

25. The Counterclaim defendant is liable to the McCray for the damages caused by her decedent's negligence or wantonness.

**WHEREFORE,** McCray demands judgment against the Counterclaim Defendant for punitive and compensatory damages, interest, and court costs.

Dated this the 12th day of September, 2006.

DAVID W. ROUSSEAU (ROU007)
211 W. Adams Street
Dothan, Alabama  36303
(334) 699-9000
JOHNNIE MAE GRAHAM
609 Pine Avenue
P.O. Box 2303
Albany, Georgia 31702
(229) 435-4452
Attorneys for Defendant,
 Counterclaim and Third Party Plaintiff,
Timothy Eugene McCray

## JURY DEMAND

Defendant, Counterclaim and Third Party Plaintiff, Timothy Eugene McCray, demands trial by jury.

_____
David W. Rousseau

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following counsel by placing a copy of the same in the U.S. Mail, postage prepaid, and properly addressed this the _12th_ day of _September_, 2006.

David J. Harrison
Tommy R. Scarborough
P.O. Box 994
Geneva, AL 36340

William A. Mudd
505 N. 20th St.
1200 Financial Center
Birmingham, AL 35203

_____