IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 SEP 13  A 10: 12

| | | |
|---|---|---|
| PATRICIA BURKETT, Administratrix | * | |
| of the ESTATE OF JEREMY | * | |
| BURKETT, deceased, | * | |
| Plaintiff, | * | |
| vs. | * | 1:06-CV-775-DRB |
| | * | |
| TIMOTHY EUGENE MCCRAY, S.E. | * | |
| LUMBER COMPANY | * | |
| Defendants, | * | |
| | * | |
| vs. | * | |
| | * | |
| SOUTHERN GENERAL INSURANCE, and | * | |
| THE CENTRAL MUTUAL INSURANCE | * | JURY TRIAL DEMANDED |
| COMPANY, | * | |
| | * | |
| Third Party Defendants. | * | |
| | * | |

**THIRD PARTY COMPLAINT**
**OF DEFENDANT THIRD PARTY PLAINTIFF McCRAY**

Defendant, Counterclaim and Third Party Plaintiff, Timothy Eugene McCray [hereinafter "McCray"] incorporated herein all of the assertions in the preceding paragraphs into this Complaint as if they were set out in their entirety.

**JURISDICTION**

1. The matter in controversy exceeds, exclusion of costs, ONE HUNDRED THOUSAND DOLLARS($100,000).

2. McCray is a resident of Damascus, Early County, Georgia.

3. Third Party Defendant Southern General Insurance is incorporated in and has its principle place of business in a state other than Alabama.

4. Third Party Defendant The Central Mutual Insurance is incorporated in and has its principal place of business in a state other than Alabama.

5. This Court has pendant matter jurisdiction of this claim under 28 U.S.C. § 1367 because the Defendant S.E. Lumber Company, a Georgia company, removed this matter from the Circuit Court of Houston County, Alabama based upon diversity pursuant to 28 U.S.C. § 1332.

## COUNT ONE
## UNDERINSURED MOTORIST CLAIM

6. On or about October 14, 2005, Plaintiff, Timothy Eugene McCray was safely and legally operating a 1995 Ford Pick-Up Truck for his employer in an easterly direction on Highway 52, near the intersection of County Road 33, in Houston County, Alabama.

7. On the same date and time, decedent Jeremy Joshua Burkett negligently or wantonly operated a 1993 Dodge Stealth in a westerly direction on Highway 52, near its intersection with County Road 33, in Houston County, Alabama.

8. Then and there, without any act on McCray's part, the decedent, Jeremy Joshua Burkett, pulled into the eastbound lane of travel on Highway 52 and struck the vehicle being operated by McCray, causing a head on collision.

9. The decedent, Jeremy Burkett, failed to maintain his lane; failed to maintain a proper lookout; and failed to exercise due care for the safety of others and by these failures caused the collision which resulted in injury to McCray.

10. Following the collision, McCray was taken by ambulance to the Southeast Alabama Medical Center where he was treated for severe bilateral lower extremities fractures. He has undergone extensive surgical treatment for his injuries and it is anticipated that he will incur future medical expenses.

11. Plaintiff has incurred extensive medical bills as a result of the hospitalization, treatment, surgeries and physical therapies necessitated by treatment for the injuries sustained in the collision caused by the decedent.

12. McCray has suffered lost wages due to the injuries he sustained in the collision. McCray was confined for a period of time to a wheel chair. He could not walk and thus could not work. Mr. McCray has not been able to work since the accident and his ability to return to reasonably gainful employment is doubtful.

13. As a result of the collision caused by Defendant's decedent, Plaintiff has endured physical pain and suffering in the past and in the present. It is anticipated that Plaintiff will endure pain and suffering in the future.

14. As a result of the collision caused by the Defendant's decedent, McCray has endured mental pain and anguish including nightmares and episodes of intense sweating. He has experienced interruption of his way of life as a result of the injuries he received in the crash.

15. At the time of the collision, decedent, Jeremy Burkett, was an underinsured motorist.

16. At the time of the collision complained of there existed an automobile insurance policy issued by Third Party Defendant Southern General Insurance Company which provided underinsured motorist coverage to McCray.

17. The automobile policy was in full force and effect at the time of the collision complained.

18. McCray has complied with all the terms and conditions of the Southern General Insurance policy.

19. McCray has made a claim for uninsured motorist benefits from Defendant Southern General Insurance Company.

**WHEREFORE,** McCray demands judgment against Third Party Defendant Southern General Insurance for uninsured motorist benefits to which he is entitled.

## COUNT TWO
## UNDERINSURED MOTORIST CLAIM

20. McCray realleges and adopts the preceding paragraphs in to the complaint as if there were set out herein in their entirety.

21. At the time of the collision complained of, McCray was covered by an insurance policy issued by Defendant Central Mutual Insurance Company by virtue of his operation of a vehicle for his employer.

22. McCray received the injuries and damages previously alleged in the complaint.

23. Under the terms of the policy, Third Party Defendant Central Mutual Insurance Company agreed to pay personal injury damages that the McCray would be legally entitled to recover from an underinsured motorist.

24. Said policy was in full force and effect at the time of the collision complained of.

25. McCray has complied with all the terms and conditions of the Central Insurance Company policy.

26. Plaintiff has made a claim for uninsured motorist benefits from Defendant Central Insurance Company.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Central Insurance Company for the uninsured motorist benefits to which he is entitled.

Dated this the 12th day of September, 2006.

DAVID W. ROUSSEAU (ROU007)
211 W. Adams Street
Dothan, Alabama  36303
(334) 699-9000
JOHNNIE MAE GRAHAM
609 Pine Avenue
P.O. Box 2303
Albany, Georgia 31702
(229) 435-4452
Attorneys for Defendant,
 Counterclaim and Third Party Plaintiff,
Timothy Eugene McCray

## JURY DEMAND

Defendant, Counterclaim and Third Party Plaintiff, Timothy Eugene McCray, demands trial by jury.

David W. Rousseau

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following counsel by placing a copy of the same in the U.S. Mail, postage prepaid, and properly addressed this the _12th_ day of _September_, 2006.

David J. Harrison
Tommy R. Scarborough
P.O. Box 994
Geneva, AL 36340

William A. Mudd
505 N. 20th St.
1200 Financial Center
Birmingham, AL 35203