IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BURKETT,<br>Administratrix of the Estate of<br>JEREMY BURKETT, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY EUGENE MCCRAY and<br>S. E. LUMBER COMPANY,<br><br>        Defendants, | CIVIL ACTION NO.:<br>1: 06-CV-775-DRB |

## DEFENDANT'S RULE 26 (a)(1) INITIAL DISCLOSURES

**COME NOW** the defendants, TIMOTHY EUGENE MCCRAY and SOUTHEAST LUMBER COMPANY, INC., incorrectly described as S. E. LUMBER COMPANY, in the above-styled cause, and make the following initial disclosures pursuant to Fed.R.Civ.P 26(a)(1) and L.R. 26.1(a)(1):

### I.
### GENERAL OBJECTIONS

These initial disclosures are being made based upon the present knowledge of these defendants. These defendants reserve the right to subsequently alter, amend, modify and/or supplement these disclosures.

These defendants object to disclosing information or documents that would require them to respond by disclosing their attorneys', or other representatives',

mental impressions, conclusions, opinions, computations, calculations, projections, reasons, legal theories, trial preparation materials, work product or the like, or the identity of non-witness expert consultants. These defendants submit that such information and material is objectionable and otherwise not subject to discovery and/or disclosure at this time.

These defendants object to producing any information, document or thing that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection. The following information, documents and things are included in the scope of this objection:

(a). These defendant's attorneys' case development plan, as amended from time-to-time, and related memos;

(b). Memos relating to these defendant's attorneys' investigation of the facts pertaining to this lawsuit;

(c). These defendant's attorneys' pretrial and trial notebooks, as amended from time-to-time, and related memos;

(d). These defendant's attorneys' computerized case management system;

(e). Documents relating to communications between these defendants and their counsel, including client diaries, letters, memos of oral communications, and the like;

(f). Documents relating to these defendant's attorneys' legal research;

(g). Documents relating to interviews with potential witnesses conducted by these defendant's counsel or representatives;

(h). Documents relating to communications with any expert consultant not expected to be called as an expert witness to testify at trial;

(i). Documents prepared or generated by these defendants or any of their representatives or on their behalf after the filing of plaintiff's claims (administrative or otherwise) or in anticipation of this litigation;

These defendants submit that all of the foregoing documents and things have been or will be generated and otherwise prepared in anticipation of litigation or for trial and, therefore, are not subject to disclosure because they are privileged attorney work-product and trial preparation materials. These defendants object to disclosing this information and material unless and until good cause for such production is shown by the plaintiff.

These defendants object to producing any confidential or proprietary information, documents or things, except pursuant to a court order or stipulation of counsel.

These defendants object to any disclosures which would require these defendants to respond by acquiring or supplying information, documents or things which are irrelevant to the subject matter or issues of this case, or are not reasonably

calculated to lead to the discovery of relevant and admissible evidence.

By disclosing any information, documents or things, these defendants do not waive questions as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the said information, documents or things.

These defendants object to disclosing information or documents that are equally available to the plaintiff and/or if the burden on the plaintiff to obtain the requested information or documents is no greater than the burden on this defendant.

## II.
## INITIAL DISCLOSURES

Without waiving the foregoing objections, these defendants make the following initial disclosures:

**A.    Individuals likely to have discoverable information that these defendants may call as witnesses to support defenses asserted on their behalf, unless solely for impeachment, identifying the subjects of the information:**

1.  Timothy Eugene McCray
    7445 Kesler Avenue                      P. O. Box 161
    Damascus, Georgia 39841                 Damascus, GA 39841

    It is expected that Mr. McCray will offer testimony regarding the facts of the accident made the basis of this case and his employment at the time of the accident.

2.  Mr. Woodfin Warr a/k/a Woody Warr
    320 Ballpark Avenue
    Damascus, Georgia 39841

It is expected that Woody Warr will offer testimony regarding his knowledge of the accident made the basis of the case and the employment of Timothy Eugene McCray at that time.

3. Xenia Scales
   986 Edwin Reynolds Road
   Cottonwood, Alabama 36320

It is expected that Xenia Scales will offer testimony regarding the facts of the accident made the basis of this case as an independent eye witness as well as what she saw and heard after the collision.

4. Shaddon Smith
   986 Edwin Reynolds Road
   Cottonwood, Alabama 36320

It is expected that Shaddon Smith will offer testimony regarding the facts of the accident made the basis of this case as an independent eye witness as well as what he saw and heard after the collision.

5. Alabama State Trooper S. Pickett
   Alabama department of Public safety
   5679 Montgomery Highway
   Dothan, Alabama 36303

It is expected that Alabama State Trooper S. Pickett will offer testimony regarding his investigation of the accident made the basis of this case as a law enforcement officer including opinion testimony as a non-retained expert based upon his education and experience in law enforcement.

6. Alabama State Trooper C. Starling
   Alabama department of Public safety
   5679 Montgomery Highway
   Dothan, Alabama 36303

It is expected that Alabama State Trooper C. Starling will offer testimony regarding his investigation of the accident made the basis of this case as a law enforcement officer including opinion testimony as a non-retained expert based upon his education and experience in law enforcement.

7.     Kevin Cook
       Alabama department of Public safety
       5679 Montgomery Highway
       Dothan, Alabama 36303

It is expected that Alabama State Trooper Kevin Cook will offer testimony regarding his investigation of the accident made the basis of this case as a law enforcement officer.

**B. Documents, data compilations, and tangible things that are in the possession, custody, or control of this defendant and that this defendant may use to support its defenses, unless solely for impeachment.**

1. Alabama Uniform Accident Report

2. Photographs taken at accident scene by Alabama State Trooper C. Starling

3. Employment records of Timothy Eugene McCray

4. Statement of Shaddon Smith

**C. Computation of damages.** Not applicable.

**D. Insurance agreement.** The insuring agreement(s) have been requested and will be produced when received by defense counsel.

                                            s/: William A. Mudd
                                            William A. Mudd

                                            Attorney Code No.
                                            State       :       MUD001
                                            Federal   :       ASB-4274-U79W
                                            Attorney for Timothy Eugene McCray
                                            and Southeast Lumber Company, Inc.

OF COUNSEL:

MILLER, HAMILTON, SNIDER & ODOM, L.L.C.
505 North 20th. Street
500 Financial Center
Birmingham, Alabama 35203
(205) 226-5200
(205) 226-5226    Fax
billmudd@mhsolaw.com


CERTIFICATE OF SERVICE

      I hereby certify that on the 31st day of October, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

LIST OF ATTORNEYS:

Mr. Tommy R. Scarborough
P. O. Box 994
Geneva, Alabama 36340
(334) 684-8729

Mr. David L. Harrison
P. O. Box 994
Geneva, Alabama 36340
(334) 684-8729

Mr. C. Peter Bolvig
HALL, CONERLY & BOLVIG, P.C.
505 N. 20th. Street
1400 Financial center
Birmingham, AL 35203
(205) 251-8143
(205) 326-3202
bolviglaw@aol.com

Mr. David Rousseau
211 West Adamas Street
Dothan, AL 36303
(334) 699-9000     phone
(334) 699-8797     Fax
rousseaulaw@graceba.net

                                                    s/: William A. Mudd
                                                    OF COUNSEL