**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                              TELEPHONE (334) 954-3600

```
November 2, 2006
```

# NOTICE OF CORRECTION

From:   Clerk's Office

**Case Style:   Burkett v. McCray et al**
**Case Number:   1:06-cv-00775-DRB**

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached to include the electronic signatures and date.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 27   filed on   November 1, 2006.**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BURKETT, Administratrix of the Estate of JEREMY BURKETT, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 1:06-CV-00775-DRB ) |
| TIMOTHY EUGENE McCRAY and S.E. LUMBER COMPANY, | ) ) ) |
| Defendants, | ) ) |
| vs. | ) ) |
| SOUTHERN GENERAL INSURANCE, and THE CENTRAL MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Third-Party Defendants. | ) |

## ANSWER TO THIRD-PARTY COMPLAINT

COMES NOW the Third-Party Defendant, designated as "The Central Mutual Insurance Company", and for Answer to the Third-Party Complaint, and to each Count and paragraph thereof, sets forth and assigns the following defenses, separately and severally:

### FIRST DEFENSE

Responding to the Third-Party Complaint, paragraph by paragraph, this Defendant says as follows:

1

1. This Third-Party Defendant does not dispute the allegations of this paragraph, but in doing so, does not admit that the Third-Party Plaintiff is entitled to any recovery against this Third-Party Defendant, and does not admit that the value of the Third-Party Plaintiff's claim equals or exceeds the amount referenced.

2. This Third-Party Defendant admits the allegations of this paragraph.

3. This Third-Party Defendant lacks sufficient information to admit the allegations of this paragraph at this time, therefore, this Third-Party Defendant respectfully denies the allegations of this paragraph and demands strict proof thereof.

4. The proper legal designation of the Third-Party Defendant is The Central Mutual Insurance Company. This Third-Party Defendant admits that it is incorporated in and has its principle place of business in a State other than Alabama. This Third-Party Defendant denies that it is a proper party to this action.

5. This Third-Party Defendant does not contest that this Court has subject matter jurisdiction over this matter.

6. This Third-Party Defendant admits that the subject accident occurred on or about October 14, 2005, admits that McCray was operating a 1995 Ford Pickup Truck and admits the allegations with respect to where the accident occurred. Otherwise, this Third-Party Defendant is not currently able to admit the remaining allegations of this paragraph, therefore, this Third-Party Defendant respectfully denies the same at this time and demands strict proof thereof.

7. This Third-Party Defendant admits that Burkett was operating a 1993 Dodge Stealth at the time of the subject accident. Otherwise, this Third-Party Defendant is not currently able to admit the remaining allegations of this paragraph, therefore, this Third-Party Defendant respectfully denies the same at this time and demands strict proof thereof.

8. This Third-Party Defendant lacks sufficient information to admit the allegations of this paragraph at this time, therefore, this Third-Party Defendant must respectfully deny these allegations at this time and demands strict proof thereof.

9. This Third-Party Defendant lacks sufficient information to admit the allegations of this paragraph at this time, therefore, this Third-Party Defendant must respectfully

deny these allegations at this time and demands strict proof thereof.

10. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

11. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

12. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

13. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

14. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

15. This Third-Party Defendant respectfully denies the allegations of this paragraph at this time and demands strict proof thereof.

16. This Third-Party Defendant admits the allegations of this paragraph.

17. This Third-Party Defendant admits the allegations of this paragraph.

18. This Third-Party Defendant admits the allegations of this paragraph.

19. This Third-Party Defendant admits the allegations of this paragraph.

20. This Third-Party Defendant adopts and incorporates its response to the previous paragraphs of the Complaint.

21. This Third-Party Defendant denies the allegations of this paragraph at this time and demands strict proof thereof.

22. This Third-Party Defendant admits that McCray suffered personal injuries as a result of the subject

accident, but the nature and extent of the injuries and damages are disputed, and this Third-Party Defendant demands strict proof thereof.

23. This Third-Party Defendant denies the allegations of this paragraph at this time and demands strict proof thereof.

24. This Third-Party Defendant denies the allegations of this paragraph at this time and demands strict proof thereof.

25. This Third-Party Defendant denies the allegations of this paragraph at this time and demands strict proof thereof.

26. This Third-Party Defendant denies the allegations of this paragraph at this time and demands strict proof thereof.

**SECOND DEFENSE**

Except as otherwise expressly admitted herein, this Third-Party Defendant denies each and every material averment of Third-Party Complaint and demands strict proof thereof.

**THIRD DEFENSE**

Except as expressly admitted herein, this Third-Party Defendant says that it is not guilty of the allegations of the Third-Party Complaint and demands strict proof thereof.

**FOURTH DEFENSE**

This Third-Party Defendant says that the Policy of insurance covering the vehicle driven by the Third-Party Plaintiff at the time of the subject accident was issued by

All America Insurance Company, not The Central Mutual Insurance Company or The Central Mutual Insurance, and the named insured under that Business Auto Policy is Southeast Forest Industries Inc.

### FIFTH DEFENSE

This Third-Party Defendant denies that the Third-Party Complaint is a proper Third-Party Complaint pursuant to Rule 14 <u>Federal Rules of Civil Procedure</u>, as the Third-Party Complaint does not seek recovery from "a party to the action who is or may be liable to the Third-Party Plaintiff for all or part of the Plaintiff's claim against the Third-Party Plaintiff."

### SIXTH DEFENSE

This Third-Party Defendant reserves the right to move to strike or sever for a separate trial the claims made the basis of the Third-Party Complaint.

### SEVENTH DEFENSE

The Third-Party Plaintiff says that the joinder of the claims made the basis of this Third-Party Complaint is improper and prejudicial, as it has the effect of interjecting insurance issues into the original case-in-chief.

**EIGHTH DEFENSE**

The Third-Party Defendant reserves the right to "opt out" of these proceedings based upon the applicable law.

**NINTH DEFENSE**

The Third-Party Defendant says that the Policy issued by All America Insurance Company was issued in the State of Georgia to a Georgia named insured, and as such, Georgia law should be applied by the Court on issues pertaining to interpretation of the Policy.

**TENTH DEFENSE**

The Third-Party Defendant says that the Third-Party Plaintiff has failed to comply with conditions precedent to recovery under the Policy, including terms and conditions of the Policy itself.

**ELEVENTH DEFENSE**

The Third-Party Defendant pleads contributory negligence as a defense.

**TWELFTH DEFENSE**

The Third-Party Defendant denies that the Third-Party Plaintiff has been injured and/or damaged to the nature and extent claimed and contests damages.

**THIRTEEN DEFENSE**

The Third-Party Defendant says that the Third-Party Plaintiff has failed to mitigate any alleged injuries and damages.

**FOURTEENTH DEFENSE**

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of the constitutional safeguards provided to this Third-Party Defendant under the Constitution of the United States.

**FIFTEENTH DEFENSE**

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of the constitutional safeguards provided to Third-Party Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

**SIXTEENTH DEFENSE**

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be

deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### SEVENTEENTH DEFENSE

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of the procedural safeguards provided to this Third-Party Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, this Third-Party Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### EIGHTEENTH DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Third-Party Defendant punitive damages, which are penal in nature, yet compel the Third-Party Defendant to disclose potentially incriminating documents and evidence.

### NINETEENTH DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Third-Party Defendant punitive

damages, which are penal in nature, yet compel this Third-Party Defendant to disclose potentially incriminating documents and evidence.

### TWENTIETH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Third-Party Defendant which are penal in nature by requiring a burden of proof on the Third-Party Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-FIRST DEFENSE

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-SECOND DEFENSE

This Third-Party Defendant says that an award of punitive damages to the Third-Party Plaintiff in this case will be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that it

11

would provide damages to the Third-Party Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in 1981 in Section 27-1-17, <u>Code of Alabama</u> 1975, as amended.

### TWENTY-THIRD DEFENSE

This Third-Party Defendant asserts any and all applicable statutory caps or limitations to any claim for punitive damages, including but not limited to Section 6-11-21, <u>Code of Alabama</u> 1975, as amended.

### TWENTY-FOURTH DEFENSE

This Third-Party Defendant says it is entitled to an off-set and/or credit for any sums received by the Third-Party Plaintiff by way of settlement or pro tanto settlement, including but not limited to any sums received from the Third-Party Plaintiff's liability insurer and the Co-Third-Party Defendant.

### TWENTY-FIFTH DEFENSE

This Third-Party Defendant pleads release as a defense.


**THIS THIRD-PARTY DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

<u>\s\ C. Peter Bolvig</u>
C. Peter Bolvig, Esq. (BOL008)
Attorney for Third-Party Defendant, designated as "The Central Mutual Insurance Company"

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 251-8143 Telephone
(205) 326-3202 Facsimile

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this 1st day of November, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same in the U.S. Mail, properly addressed and first-class postage prepaid to:

David J. Harrison, Esq.
P.O. Box 994
Geneva, AL 36340

Tommy Ray Scarborough, Esq.
119 South Foster Street, Suite 101
Dothan, AL 36303

William A. Mudd, Esq.
1200 Financial Center, 505 North 20th Street
Birmingham, AL 35203

David W. Rousseau, Esq.
211 W. Adams Street
Dothan, AL 36303

Johnnie Mae Graham, Esq.
P.O. Box 2303
Albany, GA 31702

                                        \s\ C. Peter Bolvig, Esq.
                                        OF COUNSEL