IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA BURKETT,<br>Administratrix of the<br>Estate of JEREMY BURKETT,<br>deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY EUGENE McCRAY and<br>S.E. LUMBER COMPANY,<br><br>    Defendants,<br><br>vs.<br><br>SOUTHERN GENERAL INSURANCE,<br>and   THE CENTRAL MUTUAL<br>INSURANCE COMPANY,<br><br>    Third-Party Defendants. | Case No.: 1:06-CV-00775-TFM |

## SUPPLEMENTAL REPORT OF PARTIES RULE 26(F) MEETING

1) Pursuant to <u>Federal Rule of Civil Procedure</u> 26(f) and in response to the Court's Order of January 8, 2007 directing that the parties conduct a Supplemental Rule 26(f) Conference and submit a Report, a Supplemental Conference was conducted on February 6, 2007. Shortly before the Conference occurred, the attorneys participating in the Conference were advised by William A. Mudd (Attorney for Defendants, Timothy Eugene McCray and South East Lumber Company, Inc.) that Patricia Burkett, Administratrix of the Estate of Jeremy Burkett will be dismissing her claims made for wrongful death against McCray and South East Lumber Company. The undersigned were advised that Counsel for the Plaintiff would be advising the Court of the dismissal. Therefore, the Conference proceeded with the attorneys involved in prosecuting and defending the remaining claims participating. Specifically, those include the following:

    I) <u>David Rousseau</u>, attorney for Timothy Eugene McCray ("McCray"), who makes a Counter-Claim against The Estate of Jeremy Burkett and who has also asserted a

    Third-Party Claim against The Defendant designated as, The Central Mutual Insurance Company.

II) <u>Leon A. Boyd</u>, who is defending The Estate of Jeremy Burkett ("The Estate") on MrCray's Counter-Claim.

III) <u>C. Peter Bolvig</u>, who is defending the Third-Party Defendant which is designated as The Central Mutual Insurance Company ("Central") in McCray's Third-Party Complaint.

2) **Synopsis and Case of Defense Thereto:**

In light of the anticipated dismissal of the Plaintiff's original claims, the synopsis of the case is currently as follows.

This Case arises out of a two vehicle motor vehicle accident which occurred on October 14, 2005 in Houston County, Alabama. McCray claims that Burkett negligently and/or wantonly operated a motor vehicle proximately causing the accident. McCray claims entitlement to compensatory damages for personal injuries that he allegedly suffered as a result of the accident. He also claims entitlement to punitive damages for Burkett's alleged wantonness. Additionally, McCray has by Third-Party Complaint made a claim for underinsured motorist benefits from Central.

The Estate and Central generally deny McCray's allegations and plead various affirmative defenses, including a defense of contributory negligence.

3) **Pre Discovery Disclosures.**

The parties have completed the initial disclosure requirements of the applicable <u>Federal Rules of Civil Procedure</u>.

4) **Discovery Plan.**

The parties jointly propose to the Court the following discovery plan.

Discovery will be needed with respect to the basis of the McCray's claims, on both liability and damages.

All discovery commenced in time to be completed by **July 31, 2007**.

Maximum of **45** Interrogatories by each party to any other party. Responses due **30** days after service.

Maximum of **30** Requests for Admissions by each party to any other party. Responses due **30** days after service.

Maximum of **6** depositions by each remaining party. Each deposition limited to a maximum of **7** hours unless extended by agreement of parties.

The remaining parties currently anticipate that there are potentially two types of expert witnesses that may be involved in the preparation and trial of this case. These would specifically include accident reconstruction type experts (liability experts) and vocational/medical experts (damage experts). With respect to medical experts, it is currently anticipated that McCray will likely utilize one or more of his treating physicians to express expert opinions on the nature and extent of his alleged injuries and any permanent impairment that he may claim. It is anticipated that The Estate and Central may ultimately utilize rebuttal medical experts, which may include an independent medical examination, depending upon the ultimate testimony of McCray's treating physician(s). In light of this, the remaining parties propose the following with respect to experts:

a) McCray's counsel has indicated that he does not currently anticipate utilizing any accident reconstruction type expert in the case. The Estate and Central will disclose any accident reconstruction type expert by **March 30, 2007** and will make them available for deposition by no later than **April 30, 2007**.

b) McCray will disclose any vocational expert by **April 30, 2007** and will submit such expert for deposition by no later than **May 30, 2007.**

c) McCray will depose any treating physicians offering expert opinions by no later than **April 30, 2007.**

d) The Estate and Central will disclose any counter medical or vocational experts by **June 29, 2007** and will submit them for deposition by no later than **July 31, 2007.**

5) **Other Items:**

The parties have agreed that they do not currently anticipate the joinder of any additional parties. Any additional amendment to the pleadings should be completed by **April 2, 2007**.

All potentially dispositive motions should be filed **90** days before the Pretrial Conference.

The parties through their counsel continue to explore the possibility of settlement, but it is currently anticipated that some additional discovery will likely be necessary before the remainder of the case has a realistic possibility of settlement.

Final lists of witnesses and exhibits under Rule 26(a) (3) should be due:

From the Plaintiff **30** days prior to trial.

From the Defendants **30** days before trial.

The parties should have **10** days after service of final witness/exhibit lists to object under Rule 26(a) (3).

The case should be ready for trial by the **October 1, 2007** trial docket in Dothan, Alabama and it is expected to take approximately 3-4 trial days.

_____
C. Peter Bolvig, Esq. (BOL008)
Attorney for Third-Party Defendant, designated
as "The Central Mutual Insurance Company"

**OF COUNSEL:**
HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 North 20th Street
Birmingham, AL 35203
(205) 251-8143 Telephone
(205) 326-3202 Facsimile

_/s/ David Rousseau_
DAVID ROUSSEAU
Federal No.: ASB-0469-S78D

Attorney for Counter-Claim and
Third-Party Plaintiff,
Timothy Eugene McCray

OF COUNSEL:

211 West Adams Street
Dothan, Alabama 36303
334-699-9000
334-699-8797 (fax)
rousseaulaw@graceba.net

/s/ Leon A. Boyd, V

LEON A. BOYD, V
Federal No.: ASB-8613-E35B

Attorney for Counter-Claim Defendant,
Patricia Burkett, Administratrix of the
Estate of Jeremy Burkett

OF COUNSEL:
COBB, DERRICK, BOYD & WHITE
Post Office Box 2047
Dothan, Alabama 36302
334-677-1000
334-699-3500 (fax)
bo@cobbfirm.com